Per Curiam.

For the reason that fewer than six members of the court, as now constituted, are of the opinion that the proviso provision of Section 1465-61, General Code, is unconstitutional, the court adheres to the judgment heretofore rendered (State, ex rel. English, v. Industrial Commission, ante, 215).

Former judgment adhered to.

Taet, J.
For the reasons which I stated when this case was previously before the court, I am of the opinion that relator is not entitled to the writ prayed for. If the question as to the constitutionality of the questioned statutory provisions were before the court, I believe that I would reach the conclusion that those provisions are constitutional for the reasons which Judge Lamneck has stated.
Lamneck, J.
In paragraph 1 of Section 1465-61, General Code, it is provided in part:
*444 “Provided that nothing in this act shall apply to police or firemen in cities where the injured policemen or firemen are eligible to participate in any policemen’s or firemen’s pension funds which are now or hereafter may be established and maintained by municipal authority under existing laws, unless the amount of the pension funds provided by municipal taxation and paid to such police or firemen shall be less than they would have received had the municipality no such pension funds provided by law; in which event such police and firemen shall be entitled to receive the regular state compensation provided for police and firemen in municipalities where no policemen’s or firemen’s pension funds have been created under the law; less, however, the sum or sums received by the said policemen or firemen from said pension funds provided by municipal taxation, and the sum or sums so paid to said policemen or firemen from said pension funds shall be certified to the Industrial Commission of Ohio by the treasurer or other officer controlling such pension funds.”
The relator contends that the portion of Section 1465-61, General Code, which excludes policemen and firemen in cities from participating in the State Insurance Fund under the conditions therein enumerated is contrary to Sections 26 and 35 of Article II of the Ohio Constitution.
Section 26 of Article II provides:
“All laws, of a general nature, shall have a uniform operation throughout the state; nor, shall any act, except such as relates to public schools, be passed, to take effect upon the approval of any other authority than the General Assembly, except, as otherwise provided in this Constitution.”
The exclusion provision of the Workmen’s Compensation Act, relating to policemen and firemen, became a part of Section 1465-61, General Code, in 1913 *445 (103 Ohio Laws, 72, 77). The provision then was that “nothing in this act shall apply to policemen or firemen in cities where policemen’s and firemen’s pension funds are now or hereafter may be established and maintained by municipal authority under existing laws. ’ ’
The exclusion provision in substantially the form it now appears in Section 1465-61, General Code, and which permits a policeman or a fireman to participate in a modified form in the State Insurance Fund, if his pension fund benefits are less than that provided by the Workmen’s Compensation Act, became effective on July 9, 1931 (114 Ohio Laws, 26, 28).
It was admitted in argument on rehearing before this court that there were no villages maintaining either policemen’s or firemen’s pension funds in 1913.
In 1904, the General Assembly enacted Section 4600 to 4615, inclusive, General Code, establishing a “firemen’s pension fund,” and Sections 4616 to 4631, inclusive, establishing a “police relief” fund. Both acts applied to all municipal corporations but originally their provisions were not mandatory. They were in the nature of enabling legislation authorizing a muunicipal corporation to establish such funds if in the council’s discretion it was found desirable to do so. The acts authorized council to levy a tax to assist in supporting such funds.
The establishing of such a fund for firemen was made mandatory on August 10, 1939 (118 Ohio Laws, 283), and for policemen, on September 25, 1947 (122 Ohio Laws, 614, 623). Under the permissive acts not all policemen and firemen in cities had pension and relief funds provided for them.
The Workmen’s Compensation Act is not all-inclusive and was never intended to cover all persons in public and private employment. For example, it now excludes elected officials and persons who are em *446 ployed by an employer employing less than three persons regularly, unless such employer voluntarily elects to pay premiums into the State Insurance Fund. The act formerly excluded employers of less than five persons from its compulsory provisions. Therefore, in some instances an employee working for an employer employing less than three employees regularly ;s covered by the Workmen’s Compensation Act, and in other situations such an employee is not eligible for benefits under the act.
When the Workmen’s Compensation Act was first enacted it was optional as to, and not compulsory on, any employer. If an employer elected to pay into the fund, an employee, if injured in the course of his employment, was entitled to benefits. If the employer did not contribute to the fund, an employee, if injured in the course of his employment, was not eligible to participate.
Such provisions of the act were declared to be constitutional by this court in Jeffrey Mfg. Co. v. Blagg, 90 Ohio St., 376, 108 N. E., 465, and in State, ex rel. Yaple, v. Creamer, Treas., 85 Ohio St., 349, 97 N. E., 602, 39 L. R. A. (N. S.), 694.
From the foregoing it would appear that the General Assembly may, under the Constitution, properly include particular classes,or groups of employers or employees within the operation of the Workmen’s Compensation Act, or may exclude them.
Under Yaple v. Creamer, supra, the General Assembly, if it chose, could have excluded all firemen and policemen without limitation in both cities and villages from the operation of the Workmen’s Compensation Act. That it had such a proposal under consideration at the time it enacted Section 1465-61, Genéral Code, is quite apparent.
Both the so-called policemen’s and firemen’s pension funds not only provide benefits for members when *447 they reach the age of retirement, but they also provide benefits in case of disability caused by injury or disease. By the amended provision of Section 1465-61, General Code, the General Assembly did not intend that a policeman or fireman in a city should receive benefits for an injury from a pension fund and the State Insurance Fund at the same time, unless the pension fund did not provide benefits for such injury equal to that provided for by the Workmen’s Compensation Act. This is consistent because the Workmen’s Compensation Act established a “State Insurance Fund” covering certain employments. See Section 1465-54, General Code. Thus workmen’s compensation is in the nature of insurance as are the disability provisions of police and firemen’s pension funds.
The contention is made that Section 1465-61, General Code, as it relates to firemen and policemen in cities, is unconstitutional in that it does not apply to policemen and firemen in villages as well as in cities. In the General Code and Revised Code there were and are no provisions for a policemen’s or firemen’s pension fund in either a city or village having less than two regular firemen or policemen in its employ. Thus all the firemen and policemen in villages do not have the benefits of policemen’s or firemen’s pension funds throughout the state. Most villages have volunteer fire departments with only one or a few regular employees.
Section 35 of Article II of the Constitution of Ohio provides in part:
“* # * Lawg may ^ passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall he made therefrom.” (Emphasis added.)
This constitutional provision confers power upon *448 the General Assembly to enact a Workmen’s Compensation Act, bnt it is not mandatory. It confers also full power on the General Assembly to determine under what terms and conditions employees are eligible to participate. In enacting Section 1465-61, General Code, in its present form, the General Assembly determined that a policeman or a fireman in a city was ineligible to participate in the State Insurance Fund for an injury, if his benefits for the same injury from a pension fund were equal to or exceeded the benefits under the Workmen’s Compensation Act.
In Sanzere, a Taxpayer, v. City of Cincinnati, 157 Ohio St., 515, 106 N. E. (2d), 286, this court held that the last sentence of Section 4678-2, General Code, which is part of an act establishing procedures for the improvement of streets, did not contravene Section 26, Article II of the Constitution of Ohio, for the reason that Sections 7, 8 and 9 of Article XVIII of the Constitution of Ohio authorize any municipality to adopt a charter with all powers of local self-government. That sentence provides that “this act shall not apply to any city or village having a charter form of government. ’ ’
If cities and villages having a charter form of government may be exempted from the provisions of a general law applicable to noncharter cities and villages, then it would follow that the General Assembly may constitutionally place employees of cities in one class and employees of villages in another class for the purpose of workmen’s compensation, under Section 35 of Article II of the Ohio Constitution which authorizes the General Assembly to determine “the terms and conditions upon which payment shall be made” from the State Insurance Fund.
What are the essential elements necessary to make a general law operate uniformly? The elements briefly enumerated are:
*449 1. The law must operate equally upon the members of the class to be affected.
2. It must embrace all persons who are or may be in like situations and circumstances.
3. The designation of the class must be reasonable and not unjust or capricious.
4. The designation must be based upon a real distinction.
It is stated as follows in City of Cincinnati v. Steinkamp, Trustee, 54 Ohio St., 284, at page 295, 43 N. E., 490:
t < * * # In or(jer to be general and uniform in operation it is not necessary that the law should operate upon every person in the state, nor in every locality; it is sufficient, the authorities coincide in holding, if it operates upon every person brought within the relation and circumstances provided for, and in every locality where the conditions exist.” See, also, McGill v. State, 34 Ohio St., 228, and State v. Hogan, 63 Ohio St., 202, 58 N. E., 572, 81 Am. St. Rep,, 626, 52 L. R. A., 863.
Applying these principles to the instant case, I conclude :
1. Section 1465-61, General Code, applies uniformly to all firemen and policemen in cities, and it also applies uniformly to all firemen and policemen in villages.
2. It embraces all policemen and firemen in cities, eligible to receive benefits from firemen and police pension funds for injuries sustained.
3. Its provisions placing policemen and firemen in a city in one classification and policemen and firemen in villages in another classification are not an unreasonable classification and are not capricious. It is well known that villages do not have the tax revenues or the number of members in their police and fire departments to support and maintain as liberal pension and relief funds as cities do.
*450 4. It is based on a real distinction and one recognized by the Constitution, viz., cities and villages. See Section 1, Article XVIII. See, also, Sanzere v. City of Cincinnati, supra, and City of Xenia v. Schmidt, 101 Ohio St., 437, 130 N. E., 24.
5. Section 1465-61, General Code, as it relates to policemen and firemen in cities, operates upon them all in the same manner, where the same circumstances specified in the statute exist.
If Section 1465-61, General Code, is declared unconstitutional as to its relation to policemen and firemen in cities, some would contend that all firemen and policemen would be excluded from the benefits of the Workmen’s Compensation Act as it existed prior to the enactment of the Revised Code. It is probable that there are injured policemen and firemen and their dependents who are now receiving such compensation. No one questions that many such persons have received such compensation in the past.
Even though Section 4123.02, Revised Code, which supplanted Section 1465-61, General Code, makes the exception apply to firemen and policemen in both cities and villages, the question would still remain whether this exclusion provision would be constitutional. There are valid and persuasive reasons to declare unconstitutional the provision in Section 1465-61 excluding city policemen and firemen. There are equally persuasive and valid reasons, as herein set forth, to uphold the constitutionality of such exclusion. Under such a situation it does not appear to be logical to declare this provision unconstitutional where it has been on the statute books in a form containing the same principles and has been applied for over 40 years as a valid and constitutional provision.
I am of the opinion that Section 1465-61, General Code, as it relates to the eligibility of policemen and firemen in cities to receive workmen’s compensation, *451 is uniform in its operation throughout the state and is a valid and constitutional enactment.
In my opinion, the pronouncement of the court in State, ex rel. City of Columbus, v. industrial Commission, 158 Ohio St., 240, 108 N. E. (2d), 317, should be followed.
Hart, J., concurs in the foregoing opinion by Lamneck, J.